BY HAND
Hon. Eric R. Komitee
U.S. District Court EDNY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 07 2024 ★
BROOKLYN OFFICE

P.1

July 24, 2024

RE: Schulte v. United States, et al., 23-cv-8513

Dear Judge Komitee:

I just received the government's letter dated 3/28/24, today, 7/24/24. It is simply not possible to engage in civil litigation when all mail is delayed by 4 months. I write to notify the court of the government's obstruction of my right to the courts, the impossibility of engaging in this litigation, request of pro bono counsel, and a brief response to the government's letter.

I. Impossibility of Engaging in Civil Litigation due to Confinement Conditions

A. Special Administrative Measures (SAMs) mail delays

Due to SAMs, all mail sent to me, including from prosecutors and federal judges, must be approved by the FBI and BOP. Thus, all mail sent to me is delayed by months — which has caused dismissals of complaints, summary orders, etc. This issue has been raised throughout my criminal case U.S. v. Schulte, 17CR548 SDNY, as well as numerous civil cases. The FBI asserts the reason for the delay is to ensure I don't write any classified information, which is absurd for mail that I _receive_.

B. Banned from the law library

The FCC-USP bans me from accessing the BOP's law library computer system thus denying me access to the courts. I cannot lookup published cases, statutes, rules — nothing. My grievances have been denied (BP-9: 1147123-F1, BP-10 not returned, BP-11 not returned).

RECD IN PRO SE OFFICE
AUG 8 '24 9:49

## C. Habeas Petition Impossible

Without access to the courts and BOP law library system, I cannot obtain court addresses or case citations to file for habeas relief. Nonetheless, I filed a habeas petition in March 2024 seeking access to the courts, and mailed it to the New York District Court seeking transfer to whatever court and address is applicable to FCI-USP. I have had no response.

## II. Request Pro Bono Counsel

The government cannot obstruct my access to the courts and engage in lawful civil litigation by deliberately delegating court correspondence and denying me access to published cases, statutes, laws, rules, and even court addresses — without providing me alternative means of representation. Due to the impossibility of litigation, the court should grant me pro bono counsel. In fact, SDNY judges have likewise granted me pro bono counsel due to litigation constraints far less significant than the ones I face today. See 20-CV-2745 (PGG) and 21-CV-4042 (GMF).

## III. FTCA Dismissal

The government asserts in its letter that that administrative remedies have not been exhausted for all issues. But of course the government's obstruction at the administrative remedy process renders the remedies exhausted. See Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (thankfully memorized) (Inmates are exempt from the exhaustion requirement when administrative remedies were "unavailable").

At every prison I've been incarcerated, I have attempted exhaustion of all administrative remedies, and to this date every one has either been denied for frivolous, bad faith reasons, or otherwise obstructed by the government. Every judge to consider exhaustion has found my attempts consistent with Ross and all issues effectively exhausted: 20-CV-2745 (PGG)(SDNY), 21-CV-4042(GMF)(SDNY), INCLUDING THIS VERY COURT FOR THESE SAME ISSUES in my habeas complaint, 22-CV-766 (EK). All issues have been exhausted.

P.3

I note for the court that several SF-95s are conspicuously absent from the government's affidavit, including one specifically detailing "all issues raised in my habeas petition, 22-CV-766(EK)." I estimate at least 10 mailed SF-95s are "missing".

**Note:** I receive them from my attorney

With respect to notice under the FTCA, the SF-95 is not required. The BOP does not provide the SF-95, so I have written hand-written notices to both the regional and central offices. Additionally, courts have found the BP-10 sufficient notice. The government has had sufficient notice under the FTCA for all issues raised in this complaint.

As for the latest SF-95, its date is irrelevant as all the other issues were ripe before filing the complaint. Thus, this case clearly diverges from McNeil v. U.S., 508 U.S. 106 (1993). In fact, the government's own arguments would support this argument as otherwise I would have had to file a separate civil action for that SF-95, further hampering the courts with an extra complaint that would ultimately be merged with this case anyway.

**Note:** I don't have access to view the McNeil decision; argument based on deduction from government's letter

Accordingly, the FTCA claims should not be dismissed.

## IV. CONCLUSION

This court should find that the government's obstruction of mail delays, access to the law library, and the ability to file habeas petitions are unconscionable and warrant assignment of pro bono counsel as self-representation would otherwise be impossible.

This court should also find its prior rulings in 22-CV-766(EK) and the Supreme Court's decision in Ross render all issues effectively exhausted, and that notice has similarly been adequately provided to the government pursuant to the FTCA for all issues.

July 24, 2024

Respectfully Submitted,

Josh Schulte #79471054

pro se

Note: A similar letter was sent for case 23-CV-5656, in which the government has yet to enter a notice of appearance



FOREVER USA
PURPLE HEART

DENVER CO 802

3 AUG 2024 PM 7 L

Josh Schulte #74472054
U.S. Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

USMS

ATTN: Schulte v. U.S., 23-CV-8513
Pro Se Intake Office
U.S. District Court EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

24-74471-054        0131-M06-036-

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 07 2024 ★

BROOKLYN OFFICE